The document below is hereby signed.

Signed: June 26, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| YVETTE DONNA WILLIAMS, | ) | Case No. 10-00621 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION
TO WAIVE PREPETITION CREDIT COUNSELING REQUIREMENT

The debtor commenced this case by the filing of a petition on April 5, 2010. The debtor's credit counseling certificate, however, reflects that the debtor did not obtain credit counseling until April 7, 2010, two days after the filing of the petition. On May 20, 2010, while this case was still pending in the District of Maryland,[1] the chapter 13 trustee filed a motion to dismiss based upon the debtor's failure to comply with the prepetition credit counseling requirement of 11 U.S.C. § 109(h). In response, the debtor filed a Motion to Waive Credit Counseling (Dkt. No. 19). In her motion, the debtor contends that she filed her petition to prevent an imminent foreclosure sale. She

---

[1] An order transferring venue to the District of Columbia was signed by Judge Mannes on June 17, 2010.

explains that she first tried to obtain a credit counseling certificate on April 2, 2010, at which time she was able only to complete the online portion of the counseling.  The debtor was not able to schedule an appointment with a credit counselor until April 7, 2010, on which date she completed the necessary credit counseling and obtained a credit counseling certificate.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the

exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Although the imminent foreclosure sale described by the debtor may constitute an exigent circumstance within the meaning of 11 U.S.C. § 109(h)(3)(A)(i), the debtor has failed adequately to certify that she requested credit counseling services from an approved non-profit budget and credit counseling agency prepetition, but was unable to obtain the necessary services within <u>seven days</u> of the request.[2]  In her motion, the debtor concedes that she requested counseling on April 2, 2010, and was able to complete that counseling on April 7, 2010, five days later.  The debtor having completed the counseling within five days of making the request, she cannot also certify that she was unable to obtain the necessary services within seven days of making the request.  It is thus

ORDERED that the debtor's motion for a waiver of the credit counseling requirement (Dkt. No. 19) is DENIED.

---

[2] The court notes that on Exhibit D to the voluntary petition, the debtor did not provide a § 109(h)(3) certification of exigent circumstances, but instead indicated that she had already completed the requisite counseling and had already received a certificate.  The court further notes that the debtor filed Exhibit D using an outdated form that failed to account for the fact that, effective December 1, 2009, 11 U.S.C. § 109 (h)(3)(A)(ii) was amended by the statutory Time-Periods Technical Amendments Act of 2009, Pub. L. 111-16, changing the 5-day period during which the debtor must have been unable to obtain the necessary services to a 7-day period.

                                                [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.